EXHIBIT A

**IN THE COURT OF COMMON PLEAS**
**ALLEGHENY COUNTY, PENNSYLVANIA**

DONNA LEE HAINES and NEIL PAUL
HAINES, Wife and Husband,

       Plaintiffs,

vs.

THE HOME DEPOT, INC.,

       Defendants.

CIVIL DIVISION

No.

Code: 003

**COMPLAINT IN CIVIL ACTION**

Filed on behalf of Plaintiffs:
DONNA LEE HAINES and NEIL PAUL HAINES,
Wife and Husband

DOUGLAS J. OLCOTT, ESQUIRE
E-mail address: dolcott@edgarsnyder.com
PA I.D. No. 204851

Firm No. 1605

EDGAR SNYDER & ASSOCIATES, LLC
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219-2705
412-394-1000

**JURY TRIAL DEMANDED**

## IN THE COURT OF COMMON PLEAS
## ALLEGHENY COUNTY, PENNSYLVANIA

| | |
|---|---|
| DONNA LEE HAINES and NEIL PAUL HAINES, Wife and Husband, | ) CIVIL DIVISION<br>)<br>)<br>) No.<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| THE HOME DEPOT, INC., | )<br>) |
| Defendant. | )<br>)<br>) |

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER [OR CANNOT AFFORD ONE], GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW [TO FIND OUT WHERE YOU CAN GET LEGAL HELP]. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE    -       LAWYER REFERRAL SERVICE
                                   The Allegheny County Bar Association
                                   400 Koppers Building
                                   436 Seventh Avenue
                                   Pittsburgh, Pennsylvania 15219
                                   Telephone: (412) 261–5555

                                   www.getapittsburghlawyer.com

**IN THE COURT OF COMMON PLEAS**
**ALLEGHENY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| DONNA LEE HAINES and NEIL PAUL HAINES, Wife and Husband, | ) CIVIL DIVISION |
| | ) |
| | ) No. |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| THE HOME DEPOT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT IN CIVIL ACTION**

AND NOW, comes the Plaintiffs, DONNA LEE HAINES and NEIL PAUL HAINES, Wife and Husband, by and through their attorneys, Douglas J. Olcott, Esquire and the law firm of Edgar Snyder & Associates, LLC, and files the following Complaint in Civil Action and, in support thereof, avers the following:

1. Plaintiff, DONNA LEE HAINES ("DONNA"), is an adult individual who resides at 847 Blue Ridge Road, Pittsburgh, Allegheny County, Pennsylvania 15239.

2. Plaintiff, NEIL PAUL HAINES ("NEIL"), is an adult individual and the husband of DONNA and who also resides at 847 Blue Ridge Road, Pittsburgh, Allegheny County, Pennsylvania 15239.

3. Defendant, The Home Depot, Inc. ("HOME DEPOT"), is a Delaware Corporation with a principal place of business located at 2455 Paces Ferry Road, Atlanta, Georgia 30339 and a service address of c/o CT Corporation System, 1635 Market Street, Philadelphia, Pennsylvania 19103.

4.     HOME DEPOT is an American multinational home improvement retail corporation that operates stores that sell tools, construction products, appliances, and services through its various stores locations.

5.     The events hereinafter complained of occurred on or about June 9, 2022, at HOME DEPOT Store # 4116 ("STORE # 4116") located at 3550 William Penn Highway, Pittsburgh, Allegheny County, Pennsylvania 15235.

6.     At that time, DONNA was an invitee shopping at STORE # 4116.

7.     DONNA wanted to purchase a planter pot which was located outside of Home Depot's Garden Center, in the cordoned off sidewalk/parking lot area, and enlisted the assistance of a HOME DEPOT employee to help her retrieve the planter and take it to the register so that she could complete her purchase.

8.     As DONNA began to follow the HOME DEPOT employee back to the register, she tripped over a broken and raised concrete slab and fell forward, onto her right shoulder.

9.     The resulting injuries to DONNA occurred as a direct and proximate result of the negligence and carelessness of Defendant, HOME DEPOT, generally and in the following particulars:

      a.  Causing, allowing, and/or permitting Plaintiff to be caused to trip over a dangerous condition, that being a crack in the concrete in the walkway on the PREMISES;

      b.  Causing, allowing, and/or permitting the said dangerous and hazardous conditions to exist in the entrance way of STORE # 4116;

      c.  Failing to take any action, reasonable steps, measures, or precautions to keep the walkway at STORE # 4116 safe, free, and clear of any and all said dangerous and hazardous conditions;

      d.  Failing to take any and all reasonable steps, actions, precautions, or preventative measures as a business owner to keep its walkways safe, free, clear, and clean of said dangerous and hazardous conditions;

2

e.  Failing to have an appropriate walkway without cracks and changes in elevation so invitees could enter and exit without any dangerous and hazardous condition existing;

f.  Negligently creating and/or allowing a dangerous and/or hazardous condition to exist in the walkway at STORE # 4116;

g.  Failing to notify and/or advise Plaintiff and other business invitees that it there was a dangerous condition in the walkway at STORE # 4116;

h.  Failing to adequately warn business invitees to STORE # 4116, including the Plaintiff, of the cracked and uneven walkway;

i.  Failing to erect any type of caution signs, warning signs, yellow cones, or any other types of warning devices to warn Defendant HOME DEPOT'S business invitees, including the Plaintiff, of the existence of THE cracked and uneven walkway;

j.  Failing to take any and all reasonable steps, actions, precautions, and preventative measures to keep STORE # 4116's business premises safe, free, and clear of the said dangerous and hazardous conditions;

k.  Failing to provide adequate visual cues to draw Plaintiff's attention to and/or alert her to the existence of the cracked and uneven walkway;

l.  Failing to adequately mark, warn, flag, or otherwise indicate the existence of the cracked and uneven walkway, so that Plaintiff's attention would be drawn to it and/or would recognize its existence;

m.  Failing to properly train and/or instruct its agents, servants, and/ or employees to recognize, address, and warn of dangerous and hazardous conditions on the premises such as the cracked and uneven walkway;

n.  Violating applicable guidelines, rules, regulations, codes, statutes, ordinances, and standards regarding the installation, placement, and/ or maintenance of rugs and/or mats;

o. Generally failing to follow its own policies, procedures, guidelines, regulations, and/or instructions regarding the warning and/or repair of cracked and uneven walkways;

p. Failing to block off or otherwise prevent the use of the section of the entrance where the cracked and uneven walkway existed;

q. Allowing, or permitting there to exist in a public store walkway a tripping/falling hazard such as a cracked and uneven walkway when Defendant HOME DEPOT knew or should have known that people traversing the walkway would encounter this unreasonably dangerous and hazardous condition and trip and fall or otherwise be injured;

r. Failing to properly and adequately instruct, train, retrain, and educate its employees on the nature of fall hazards in the work area;

s. Failing to properly and adequately instruct, train, retrain, and educate its employees on how to recognize fall hazards in the work area;

t. Failing to properly and adequately instruct, train, retrain, and educate its employees on how to prevent fall hazards in the work area;

u. Failing to comply with OSHA regulations regarding maintenance and inspection of safe walking surfaces;

v. Failing to comply with OSHA's accident prevention program requirements;

w. Failing to comply with ANSI/ASSP standards regarding safe work environments;

x. Failing to comply with International Property Maintenance Code requirements; and

y. Violating generally accepted standards of care in the commercial property maintenance industry by failing to institute and enforce generally accepted standards and guidelines in the commercial property industry.

10.     As a direct and proximate result of the aforesaid negligence and carelessness of the

HOME DEPOT, DONNA suffered serious personal injuries, including but not limited to:

a.   Moderately displaced, impacted, comminuted and rotated fracture of the proximal humerus;

b.   Right reverse total shoulder arthroplasty;

c.   Post-operative infection;

d.   Irrigation debridement of the right shoulder with revision of reverse total shoulder arthroplasty, including the glenoid and humeral components;

e.   Head injury;

f.   Facial abrasions to right temple;

g.   Facial abrasions;

h.   Scarring and disfigurement;

i.   Severe shock, strain, and sprain of the nerves, muscles, tissues, ligaments, and vessels of the musculoskeletal system;

j.   Other serious and permanent injuries as may be revealed by the medical records; and

k.   Other serious and permanent injuries the exact nature of which are not known at this time.

11.     As a further direct and proximate result of the aforesaid negligence and carelessness

of Defendant, HOME DEPOT, DONNA has been and will be obliged to receive and undergo

medical attention and care and to expend various sums of money and incur various expenses and

may be obliged to expend such sums and incur such expenditures for an indefinite time into the

future.

12.     As a direct and proximate result of the aforesaid negligence and carelessness of

Defendant, HOME DEPOT, DONNA has sustained cosmetic disfigurement which is permanent.

5

13.     As a direct and proximate result of the aforesaid negligence and carelessness of Defendant, HOME DEPOT, DONNA has sustained severe physical pain, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of vitality, vigor, health, and strength, and may continue to suffer the same for an indefinite time into the future.

14.     As a direct and proximate result of the aforesaid negligence and carelessness of Defendant, HOME DEPOT, NEIL has sustained a loss of consortium, and a loss of society, support, companionship, and services of Plaintiff-wife.

WHEREFORE, Plaintiffs, DONNA LEE HAINES and NEIL PAUL HAINES, respectfully requests this Honorable Court to enter judgment in their favor against Defendant, The Home Depot, Inc., in an amount in excess of the arbitration limits of Allegheny County plus court costs.

**JURY TRIAL DEMANDED.**

Respectfully submitted,

EDGAR SNYDER & ASSOCIATES, LLC

By: _____
        Douglas J. Olcott, Esquire
        Attorneys for Plaintiffs

6

## <u>VERIFICATION</u>

WE, DONNA LEE HAINES and NEIL PAUL HAINES, hereby verify that the foregoing averments of fact contained in the **COMPLAINT IN A CIVIL ACTION** are true and correct and based upon our personal knowledge, information, or belief.    We understand that these averments of fact are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

Date: _Feb. 13, 2024_                                          _Donna Lee Haines_
                                                                                DONNA LEE HAINES

Date: _Feb 13, 2024_                                          _Neil P. Haines_
                                                                                NEIL PAUL HAINES

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:  Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently that non-confidential information and documents.

Submitted by: Counsel for Plaintiffs

Signature: _____

Name:        Douglass J. Olcott, Esquire

Attorney No.:  204851